UNITED STATES v. SCHOUWEILER et al.

District Court, S. D. California, S. D. May 10, 1927.

No. 8482-J.

1. **Criminal law ⊜⊃97(3)—Court had no jurisdiction of prosecution for conspiracy to smuggle liquor into United States in violation of Tariff Act, where vessel was seized 66 miles from American coast.**

Seizure of liquor-laden vessel registered under laws of Panama and arrest of its crew, 4½ miles from Mexican coast and 66 nautical miles from nearest point of United States coast, which distance could not be traversed by the vessel nor by motorboat, to which it was charged it intended to transfer liquor, within less than 2½ or 3 hours, *held* unauthorized by special treaty with Panama, and court had no jurisdiction of prosecution of conspiracy to smuggle intoxicating liquor into United States, in violation of Tariff Act.

2. **Criminal law ⊜⊃276—Issue whether liquor-laden vessel was seized within prescribed distance of coast held properly raised by plea to court's jurisdiction.**

In prosecution for conspiracy to smuggle intoxicating liquor into United States in violation of Tariff Act, issue whether liquor-laden vessel was seized within prescribed distance of coast of United States, within special treaty with Panama, *held* properly raised by plea to jurisdiction of court.

3. **Criminal law ⊜⊃276—Indictment may not be dismissed on plea to court's jurisdiction.**

Indictment charging conspiracy to smuggle intoxicating liquor into United States in violation of Tariff Act may not be dismissed on plea to jurisdiction of the court.

Criminal proceeding by the United States against Marvin E. Schouweiler and others for conspiracy to smuggle intoxicating liquor into the United States in violation of Tariff Act. On plea to jurisdiction of court by Ernest August Kollberg and certain other defendants. Plea sustained, and defendants discharged from custody of the marshal.

Samuel W. McNabb, U. S. Atty., and J. Geo. Ohannesian, Asst. U. S. Atty., both of Los Angeles, Cal.

MacDonald & Thompson, of Los Angeles, Cal., for moving defendants.

JAMES, District Judge. Thirteen persons are charged in the indictment of the grand jury with having, during a period extending from August 1, 1926, to and including October 26, 1926, conspired among themselves, and with other persons unnamed, to smuggle and clandestinely bring into the United States, in violation of the Tariff Act, intoxicating liquors. Six of the defendants, to wit, Ernest August Kollberg, Axel Tinberg, Mathew Johnson, Otto Ebenhoch, and Salva-

dor Leon, have appeared specially and questioned the jurisdiction of the court over their persons, asserting that they were arrested at sea, where the United States could not legally take them into custody. The motion is supported by the affidavits of said defendants.

[1] The answering affidavit for the government presents no material difference as to the main facts. It is made to appear that the arrest of the defendants was incidental to the seizure of a vessel named the Hakadate, which had aboard a cargo of alcohol. The vessel was regularly registered under the laws of the republic of Panama. Prior to being seized, the vessel last cleared from the port of Mazatlan, Mexico. The alcohol cargo was consigned to the port of Vancouver, British Columbia, Canada. United States Coast Guard cutter Vaughn, engaged in patrol work and on the lookout for liquor smugglers, intercepted the Hakadate at a distance of about 4½ miles from the Mexican shore, and at a distance of approximately 66 nautical miles from the nearest point of the United States coast line, and the same distance from the projection on the Pacific Ocean of the international boundary line between the United States and Mexico. Upon the vessel being boarded by the United States revenue officers and being found to carry a liquor cargo, the master and crew were placed under arrest and the vessel towed into the United States port of San Pedro. The moving defendants herein were members of the crew of the Hakadate.

It is admitted by the government that the United States was without power or right to search or seize the Hakadate or its crew, unless such action was authorized by the special treaty made with Panama under date of January 19, 1925. During the year of 1924 and the early part of 1925 the United States concluded with Germany, Great Britain, Italy, Norway, Panama, and Sweden special treaties, the object and purpose of which was to extend the right of search and seizure beyond the 3-mile offshore limit, long established as defining the local jurisdiction of nations upon the seas; this extension being for the purpose only (so limited by the treaty text) of aiding the United States in enforcing the national prohibition law against illegal importation of intoxicating liquors. A clause common to all of these treaties reads as follows:

"3. The rights conferred by this article shall not be exercised at a greater distance from the coast of the United States, its territories or possessions, than can be traversed in one hour by the vessel suspected of endeavoring to commit the offense, and shall not be ex-

ercised in waters adjacent to territorial waters of the Canal Zone. In cases, however, in which the liquor is intended to be conveyed to the United States, its territories or possessions, by a vessel other than the one boarded and searched, it shall be the speed of such other vessel and not the speed of the vessel boarded, which shall determine the distance from the coast at which the right under this article can be exercised."

The United States does not deny the allegation of the affidavits of the defendants that the possible speed of the Hakadate did not exceed 5 knots per hour, and that the speed of the power boat referred to in the indictment did not exceed 15 knots per hour. It appears, then, without dispute, that at the time the Hakadate was seized, and the arrest of these defendants made, the vessel was at such a distance from the American shore or waters as could not be traversed by the ship or the motorboat traveling at its best speed within a shorter period than 2½ or 3 hours. It is made clear beyond any doubt or dispute that the seizure of the ship and the arrest were both effected at a place not permitted by the terms of the special treaty with Panama. As jurisdiction cannot be justified, except by showing that the acts of restraint committed by the government were within the extended privileges allowed by that treaty, it follows necessarily that the plea to the jurisdiction must be held good.

[2] The procedure here adopted in presenting the point corresponds to that indicated as correct practice by the Supreme Court of the United States. Ford et al. v. U. S., 47 S. Ct. 531, 71 L. Ed. ——, decided April 11, 1927. In that case the court said: "The issue whether the ship was seized within the prescribed limit did not affect the question of the defendants' guilt or innocence. It only affected the right of the court to hold their persons for trial. It was necessarily preliminary to that trial. The proper way of raising the issue of fact of the place of seizure was by a plea to the jurisdiction." A like plea under similar facts was sustained in the United States District Court for the Northern District of California in the case of United States v. Ferris et al., 19 F. (2d) 925, decided April 20, 1927.

[3] The offense of conspiracy is in form and substance sufficiently charged against these defendants, and the indictment may not be dismissed on this plea. See Ford et al. v. U. S., above cited. The court, however, by reason of the arrest having been made on the high seas on a ship of a treaty nation without the latter's permission, has not jurisdiction over their persons in the presence of the objection now urged.

The plea to the jurisdiction is sustained, and the defendants discharged from the custody of the marshal.